**SO ORDERED.**

**SIGNED this 4th day of September, 2018.**




UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

| | |
|---|---|
| In re: | |
| C AND M INVESTMENTS OF HIGH POINT INC., et al., | Case No. 13-10661 |
| | Chapter 7 |
| Debtors. | (Consolidated Cases for Purposes of Administration) |
| JOHN A. NORTHEN, Chapter 7 Trustee for C&M Investments of High Point, Inc., C. Wayne McDonald Contractor, Inc., C. Wayne McDonald, and Wendy C. McDonald, | |
| Plaintiff, | Adv. Pro. No. 14-02005 |
| v. | |
| MDC INNOVATIONS, LLC, MDC INVENTIONS, LLC, JASON MCDONALD, and MARK ALLEN HALL, | |
| Defendants. | |

### AMENDED MEMORANDUM OPINION AND ORDER[1]

THIS PROCEEDING is before the Court on remand from the United States Court of

Appeals for the Fourth Circuit to consider the Court's subject matter jurisdiction over claims

---
[1] This Amended Memorandum Opinion and Order corrects a clerical error in the decretal portion of the Court's August 21, 2018, Memorandum Opinion and Order [Doc. #150].

1

regarding the assignment of intellectual property to MDC Innovations, LLC, and MDC Inventions, LLC (the "MDC Companies").  The Court requested supplemental memoranda from the parties and held a hearing to consider the arguments on July 12, 2018.  At the hearing, J.P. Cournoyer appeared on behalf of the Trustee for the estate of Wayne McDonald (the "Debtor"), Ashley Rusher and Peter Juran appeared on behalf of Mark Hall, and Rayford Adams and Spencer Cook appeared on behalf of Jason McDonald and the MDC Companies.[2]  After considering the memoranda [Doc. #'s 142, 143, 144, and 148], the arguments of counsel, and the record in this case, the Court finds that no subject matter jurisdiction in fact exists over the claims at issue, and therefore dismisses those claims with prejudice.

## BACKGROUND

This remand concerns an opinion and order entered by the Court on May 25, 2016 [Doc. #85] (the "Order"), which determined the ownership interests of the Debtor, Mark Hall, and Jason McDonald in the MDC Companies[3]; found that Jason McDonald had agreed to assign certain intellectual property rights to the MDC Companies; and directed that Jason McDonald transfer those rights to the MDC Companies.  After the Order was affirmed by the United States District Court for the Middle District of North Carolina, Jason McDonald and the MDC Companies raised, for the first time, the issue of the Court's subject matter jurisdiction over the claims regarding the assignment of the intellectual property on appeal before the Fourth Circuit. The Fourth Circuit noted that it was not clear those claims involved either core or non-core matters and vacated and remanded the claims for the Court to consider its subject matter jurisdiction in the first instance.  Thus, the specific issues on remand concern this Court's

---

[2] Mr. Cournoyer noted that, as the Trustee and Mark Hall actually hold the majority of the membership interests in the MDC Companies, the arguments espoused by Mr. Adams and Mr. Cook do not represent the positions of the majority of the membership interests in the companies.

[3] The Court determined those interests after analyzing several agreements between the parties and avoiding and recovering certain transfers from the Debtor to his son, Jason McDonald.

jurisdiction to: (1) enter a declaratory judgment determining Jason McDonald's obligation to transfer the intellectual property to the MDC Companies, and (2) direct that Jason McDonald transfer the intellectual property to the MDC Companies (the "Claims"). Neither of the MDC Companies is in bankruptcy; pursuant to that portion of the Court's Order which is now final, the Debtor and Jason McDonald each own 38.75% of the companies, while Mark Hall owns 22.5% of them.

## ANALYSIS

"Bankruptcy courts derive their subject matter jurisdiction from 28 U.S.C. § 1334(b), which gives district courts 'original but [not] exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.' "[4] *Gaitor v. U.S. Bank, Nat'l Ass'n (In re Gaitor)*, Ch. 7 Case No. 13-80530, Adv. No. 14-09059, 2015 WL 4611183, at *5 (Bankr. M.D.N.C. July 31, 2015). Proceedings "arise under" Title 11 "when the cause of action or substantive right claimed is created by the Bankruptcy Code." *Burns v. Dennis (In re Southeastern Materials, Inc.)*, 467 B.R. 337, 346 n.4 (Bankr. M.D.N.C. 2012) (citations omitted). Proceedings "arise in" a case under Title 11 if they " 'are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.' " *Bergstrom v. Dalkon Shield Claimants Tr. (In re A.H. Robins Co., Inc.)*, 86 F.3d 364, 371 (4th Cir. 1996) (quoting *Wood v. Wood (Matter of Wood )*, 825 F.2d 90, 97 (5th Cir. 1987)).

The Claims presently before the Court do not arise "under" or "in" Title 11. They assert state law causes of action which are independent of the bankruptcy filing. *See Valley Historic*

---

[4] The United States District Court for the Middle District of North Carolina has exercised its authority to refer those proceedings to this Court under 28 U.S.C. § 157. *See* Local Rule 83.11 of the United States District Court for the Middle District of North Carolina.

*Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 836 (4th Cir. 2007) ("Here, the Debtor's claims bear only a coincidental relationship to the Debtor's bankruptcy case. They would have existed whether or not the Debtor filed bankruptcy. It follows that because the [claims] would have existence outside of the bankruptcy, they were not within the bankruptcy court's 'arising in' jurisdiction.").[5] Thus, the Court must determine whether the claims nevertheless fall under this Court's "related to" jurisdiction.

To determine whether a proceeding is "related to" a case under Title 11, the Fourth Circuit has adopted the *Pacor* test. *Valley*, 486 F.3d at 836 (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). Under *Pacor*,

> the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Owens–Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir.1997) (quoting *Pacor*, 743 F.2d at 994). Applying the *Pacor* test, the Fourth Circuit has emphasized that it "does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate. The possibility of such alteration or impact is sufficient to confer jurisdiction." *Id.* at 626. Thus, the "related to" category is "quite broad" and should be "broadly interpreted." *In re A.H. Robins Co., Inc*. 86 F.3d at 372 (internal citations omitted).

---

[5] Moreover, recovery under the claims would inure to third-party LLCs rather than the estate, distinguishing this case from *Friedman v. Morabito (In re Morabito)*, 64 F.3d 658 (4th Cir. 1995) (unpublished table decision), wherein the Fourth Circuit found a claim for contribution a "core" matter, in part because recovery under the claim "presumably" represented a major asset of the bankruptcy estate.

While the "related to" test does confer broad jurisdiction upon the Court, it is not without limits. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). This is particularly true in the context of claims involving property belonging to non-debtor entities, or entities in which the bankruptcy estate only asserts an ownership interest. As the United States Bankruptcy Court for the District of Columbia has explained, finding jurisdiction based on only the economic effect of litigation on the value of such non-debtor entities "would extend the court's jurisdiction beyond what was intended by § 1334(b)." *Eastjun Corp. v. Spike Club, LLC (In re Wilson)*, No. 12-32715-WIL, 2013 WL 3880053, at *2 (Bankr. D.D.C. July 25, 2013); *see also, e.g.*, *Farmers Bank and Tr. Co. v. Chickasaw Props. (In re Burrow)*, 505 B.R. 838, 846-47 (Bankr. E.D. Ark. 2013); *LAR MHP Holdings, LP v. Mordini (In re Mordini)*, 491 B.R. 567, 571 (Bankr. D. Colo. 2013); *Tower Auto. Mexico v. Grupo Proeza, S.A. (In re Tower Auto., Inc.)*, 356 B.R. 598, 601 (Bankr. S.D.N.Y. 2006); *Parkview–Gem, Inc. v. Stein*, 516 F.2d 807, 809 (8th Cir.1975).

> Under such an expansive interpretation of "related to" jurisdiction, if a debtor owned a single share of a corporation, all litigation of that corporation, in whatever court around the globe, would be brought within the reach of "related to" jurisdiction of the bankruptcy court in which the debtor had filed its case. It is highly unlikely that "related to" jurisdiction of 28 U.S.C. § 1334(b) was intended to cast such a broad net.

*In re Mordini*, 491 B.R. at 571.

In this case, the Claims at issue concern whether the MDC Companies have a right to certain intellectual property. The MDC Companies are not debtors before the Court. The Debtor, Wayne McDonald, only holds an ownership interest in the companies, which are LLCs. Under North Carolina law, an LLC's assets are owned by the entity and not by its interest owners. *Chafin v. Chafin*, 791 S.E.2d 693, 699 (N.C. Ct. App. 2016) (citing N.C. Gen. Stat. § 57D-2-01(a)). Thus, those assets of the LLCs do not constitute property of the bankruptcy estate. *See Am. Bankers Ins. Co. of Fla. v. Maness*,

101 F.3d 358, 363 (4th Cir. 1996).  As such, the Claims, which address only the ownership interest of a non-debtor entity in intellectual property, and whose resolution in no way could directly impact upon the Debtor's own liabilities,[6] do not fall within the Court's "related to" jurisdiction.

    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Claims are dismissed without prejudice.

[END OF DOCUMENT]

---

[6] If the Court had not found that the companies had a contractual right to the intellectual property, this would not have resulted in an automatic claim against the bankruptcy estate.

SERVICE LIST

**John Paul H. Cournoyer**
Northen Blue, LLP
Suite 435
1414 Raleigh Road
Chapel Hill, NC 27517

**Ashley Rusher**
**Peter J. Juran**
P. O. Box 25008
Winston-Salem, NC 27114-5008

**Rayford K. Adams, III**
**Spencer Cook**
Spilman Thomas & Battle, PLLC
110 Oakwood Drive
Suite 500
Winston-Salem, NC 27103

**John A Northen**
Northen Blue, LLP
P O Box 2208
Chapel Hill, NC 27515-2208

**William Miller**
US Bankruptcy Administrator